Duncan et al. v. Crook.

**J. B. DUNCAN et al., Appellants, v. ALLEN CROOK, Respondent.**

1. *Guardian — Parent acting as curator — Duties of as such.* — Where a minor has property independent of his parents, security must be given by the parent, and accounting be had in the same manner as though a stranger were appointed.
2. *Guardian — Curator — Sale of ward's property — Education.* — The curator of the estate of the ward, and not the guardian of his person, is the proper individual to apply for the sale of the ward's estate, and to sell the same and receive the proceeds for the expenses of his education.

*Appeal from Scotland Circuit Court.*

*H. M. Durkee & E. Pratt*, for appellants.

The court could not sell the minor's estate for expenses of his education without a petition from his guardian. The statutes in point are Wagn. Stat. 675, § 17; id. 676, § 28. The guardian has the sole charge of his education.

*Dryden & Dryden*, for respondent.

The curator of the minor's estate is the only proper person to apply for authority to sell the ward's estate, so as to furnish funds for his education. (R. S. 1845, p. 542, § 7.) The opposite theory has no sanction in the statute. (R. S. 1845, p. 549, § 12; Sess. Acts 1851, pp. 217–8, §§ 3–5.)

BLISS, Judge, delivered the opinion of the court.

The plaintiffs seek to recover certain real estate in Scotland county, and claim through the wife of J. B. Duncan, who was formerly Elizabeth Cline. The defendant claims through a sale by David Cline, as curator of the estate of said Elizabeth, and it is conceded that if the sale was good the plaintiffs have no case. The record shows that said David Cline, curator, was the grandfather of said Elizabeth; that he had given the land in controversy to her, by entering it with his own money in her name; that his son, the father of said Elizabeth, was a habitual drunkard, had abandoned his family, and for several years before the sale they had resided with said David Cline, and had no other property than this land; that said David, the grandfather, was

Duncan et al. v. Crook.

appointed curator of the estate of said Elizabeth; that upon peti-
tion to the County Court of said Scotland county he was ordered
to sell said real estate at private sale for the support and educa-
tion of his ward, and that he sold the same in pursuance of the
order, and paid over the proceeds to the mother for the purpose
specified. No objection is made to the proceeding that can be
collaterally considered, except the one which goes to the authority
of the court to make the order, and the plaintiffs now contend
that the statute did not authorize the sale of the minor's estate
upon application of its curator.

We have adopted the term "curator" from the civil law, and
it is applied to the guardian of the estate of the ward as distin-
guished from the guardian of his person. Our statute recognizes
the father, and after his death the mother, as the natural guardian
of both person and estate; but if the minor have independent
property, security must be given, and accounting be had in the
same manner as though a stranger were appointed, and in ap-
pointing strangers the appointment must specify whether it be of
the person or of the person and estate. "The guardian of the
person, whether natural or legal, shall be entitled to the charge,
custody and control of the person of his ward, and the care of
his education, support and maintenance; the curator shall have
the care and management of the estate of the minor, subject to
the superintending control of the court; and the guardian of the
person and estate of the minor shall have all the powers and per-
form all the duties both of a guardian of a person and curator."
(Wagn. Stat. 675, § 17.) Section 29 (p. 676) provides that the
Probate Court shall order the proper education of minors, and
for that purpose, when the personal estate is insufficient, it may
order the sale or lease of the real estate. The plaintiffs contend
that inasmuch as the natural guardian has the custody of the
person and the care of the education of his ward, and as the
statute does not directly specify at whose instance the real estate
shall be sold, the curator has no right to apply for such sale, or
to sell and receive the proceeds, but that the duty devolves upon
the guardian of the person.

This claim is without foundation. The guardian of the person

may control the education of the minor ; may do everything lawful in regard to it that does not involve the expenditure of his estate. And when the court orders his proper education according to his means, such guardian should have the power to decide upon the manner of his education, and direct all the details consistent with the order. But he cannot touch the estate ; it is not in his hands or under his control, and an order upon him to dispose of it would be nugatory. The expenses of the child's education, so far as they come out of his estate, must necessarily be provided for by the person who has charge of such estate ; and when money is appropriated by the court for that purpose, more than can be met by his personal estate, it must be raised out of the realty ; and who can raise it, or who can know of the necessity of so raising it, except the person in charge of such personal and real estate ? And so the subsequent sections of the statute consistently speak of the sales as made by the guardian or curator, as the case may be.

The other objections to the sale cannot be considered. The application and order, being made for the word " education," gave the court jurisdiction, and the sale was properly reported and approved by the court. The Circuit Court gave judgment for defendant, and that judgment is affirmed. The other judges concur.